NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REMIGIO MORALES-GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-3576

Agency No.
A205-318-805

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024[**]
Pasadena, California

Before: BEA, OWENS, and KOH, Circuit Judges.

Petitioner Remigio Morales-Guzman petitions for review of a decision by the Board of Immigration Appeals (BIA) that dismissed his appeal of an immigration judge's denial of his applications for nondiscretionary withholding of removal, 8 U.S.C. § 1231(b)(3) and 8 C.F.R. § 1208.16, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT), 8 C.F.R. §§ 1208.16–18. We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1). Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

The "substantial evidence" standard governs our review of BIA decisions regarding claims for withholding of removal and CAT protection. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Under that standard, we ask whether the BIA's decision is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* We must deny the petition for review unless Petitioner can demonstrate "that the evidence not only supports, but compels the conclusion" that the BIA's findings and decisions are erroneous. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citation omitted) (as amended). Because Petitioner has not done so, we deny the petition.

1.      Substantial evidence supports the BIA's denial of Petitioner's application for withholding of removal because he failed to establish past persecution in Mexico and that the Mexican government would be unable or unwilling to protect him from the Savedra family from whom Petitioner claims he will suffer persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009); *Doe v. Holder*, 736 F.3d 871, 877–78 (9th Cir. 2013). Petitioner did not experience any physical harm in Mexico despite returning multiple times voluntarily after entering the United States. The only evidence of past or future

persecution that Petitioner can point to is threats against him by the Savedras. But the law is clear that threats alone, without more, are typically not enough to demonstrate past or future persecution. *See Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021). And even if these threats did demonstrate persecution, the Mexican government's prior investigations, prosecutions, and incarcerations of the Savedras who killed Petitioner's family members are more than enough to support the BIA's decision that Petitioner failed to demonstrate government acquiescence to his claimed persecution. *See id.* at 648 ("[A] country's government is not 'unable or unwilling' to control violent nonstate actors when it demonstrates efforts to subdue said groups."). We deny the petition as to withholding of removal.

2.      The BIA's denial of CAT relief is also supported by substantial evidence, and for similar reasons. Petitioner has not put forth evidence that compels the conclusion that the BIA erred in finding he was unlikely to be tortured if removed to Mexico. *See Garcia-Milian*, 755 F.3d at 1033. The evidence of prior government prosecutions of the Savedra family's violent criminals again supports the BIA's conclusion that Petitioner failed to demonstrate that the Mexican government would acquiesce to any future torture, even if he could establish a likelihood of future torture. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003). And the BIA's finding that Petitioner could simply relocate to

another area of Mexico to avoid any future torture is separately dispositive. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020) (affirming denial of CAT relief where substantial evidence supported conclusion that alien could relocate within Mexico to avoid any future torture). Petitioner does not point to any evidence to suggest that finding is erroneous. We accordingly deny the petition as to CAT relief.

**PETITION DENIED.**